

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Dan W. Jackson
District Attorney
Harris County
Houston, Texas

Dear Sir:
                        Opinion No. O-3808
                        Re: Is a unit of the Texas Defense
                            Guard required to obtain a beer
                            license in connection with the
                            sale of beer solely to, and for
                            the sole use of, the members of
                            such unit?

We have for attention and answer your letter of
August 19, 1941, wherein you submit for the opinion of this
department the following question and factual statement, which
we quote:

> "Mr. J. S. Bailey, Jr., who is supply ser-
> geant for one of the legally organized State
> Defense Guard units, being Company B, Second
> Battalion, Texas Defense Guard, has asked, at
> the suggestion of the commanding officer of
> such unit, to wit, Captain Ed Konken, that I
> submit to you the following question:

> "'Does such unit of the Defense Guard
> need a beer license in connection with the
> handling of beer for the sole use of the mem-
> bers of such unit?'

> "(I understand that this means the hand-
> ling of beer on social occasions only, after
> drill periods, etc. In connection with this
> question I understand further that the beer
> will be handled solely by members of the unit
> and will never be handled off of the premises
> occupied by the unit at the time of such
> handling; and that, of course, there will be

Honorable Dan W. Jackson, Page 2

no individual profit of any kind in connec-
tion with the handling of such beer, and all
amounts over and above the actual cost of
the commodity will go into a fund for the
benefit of the entire unit.)"

We also have a letter from Mr. J. S. Bailey, Jr.
of Houston, dated August 19, 1941, on the same question, in
which he states that the sale of beer would be made through
the Post Exchange in the armory in Houston, Texas.

The Texas Liquor Control Act (Penal Code, Article
667, Section 3) provides:

"It shall be unlawful for any person to
manufacture or brew for the purpose of sale,
or to import into this State, or to distri-
bute, or sell any beer, or to possess any
beer for the purpose of sale within this
State without having first obtained appro-
priate license as herein provided, which
license shall at all times be displayed in
some conspicuous place within the licensed
place of business."

There being no statutory exceptions to this provi-
sion of the Texas Liquor Control Act, a unit of the Texas De-
fense Guard or a member or members of such unit, selling beer
to members of the unit for consumption on the premises, will
be required to obtain a beer license in connection with such
sales, regardless of the non-profit character of the trans-
action; unless such Texas Defense Guard unit is immune,
under the Constitution of the United States, from State
regulation by virtue of being a department, agency or in-
strumentality of the Federal Government, created to discharge
the constitutional functions of government; or unless there
is an absence of constitutional and legislative jurisdiction
on the part of the State over the territory within which the
sale of beer occurs.

Section 61, National Defense Act of June 3, 1916,
as amended and approved by the President, October 21, 1940,
provides in part:

"Provided, further, that under such regu-
lations as the Secretary of War may prescribe

for discipline and training, the organization
by and maintenance within any State of such
military forces other than National Guard as
may be provided by the laws of such State is
hereby authorized while any part of the Na-
tional Guard of the State concerned is in
active Federal service; provided further,
that such forces shall not be called, ordered
or in any manner drafted, as such, into the
military services of the United States; . . ."

The Texas Defense Guard exists at the discretion
of the Governor of Texas under the authorization conferred
upon him by the Texas Defense Guard Act of 1941 (Article 5891a)
which provides in part as follows:

"Section 1. Whenever any part of the
National Guard of this State is in active
Federal service, the Governor is hereby au-
thorized to organize and maintein within this
State during such period, under such regula-
tions as the Secretary of War of the United
States may proscribe for discipline in train-
ing, such military forces as the Governor may
deem necessary to defend this State. . . .
Such forces shall be additional to and distinct
from the National Guard and shall be known as
the Texas Defense Guard.

". . . .

"Sec. 7. Nothing in this Act shall be
construed as authorizing such forces, or any
part thereof, to be called, ordered, or in
any manner drafted, as such, into the military
service of the United States, but no person
shall by reason of his enlistment or commis-
sion in any such forces be exempted from mili-
tary service under any law of the United States."

The Texas Defense Guard being organized and exist-
ing under the statutes above quoted, it cannot be classed as
a department, agency or instrumentality of the Federal Govern-
ment, created to discharge the consitutional functions of
government.

Honorable Dan W. Jackson, Page 4

Although Mr. Bailey's letter does not so state, it is assumed that the armory in Houston, in which beer is to be sold to the members of such Defense Guard, is not Federal territory outside the constitutional and legislative jurisdiction of the State, since Section 4 of the Defense Guard Act of 1941 (cited above), authorizes the use by the Defense Guard of State armories, other state premises and property, and armories provided by county commissioners' courts, city authorities, communities and civic and patriotic organizations, but does not authorize the use of Federal property. And even if this armory were Federal territory, the State would still retain constitutional and legislative jurisdiction over such territory, in the absence of a cession of jurisdiction by the State to the Federal government, in accordance with the provisions of Article 5247, Revised Civil Statutes, 1925. (See Standard Oil Company of California v. California, 291 U. S. 242, 78 L. Ed. 775.)

It is therefore our opinion that a unit of the Texas Defense Guard selling beer in Texas for the sole use of the members of such unit, is required to obtain a State beer license authorizing such sale.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED SEP 13, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By

W. R. Allen
Assistant

WRA:OO

